Russell v. Adams, CV-15-425 (Superior Court Cumberland)

On defendant's motion in limine to exclude the causation opinion of Dr. Herzog relating to plaintiff Nicholas Russell's low back pain, a hearing was held on May 15, 2017.

At his deposition Dr. Herzog testified that the basis for his opinion that Russell's low back pain was caused by the accident was

> To be honest, it's a gut feeling and listening to the story the gentleman told me and seeing the sequela and trying to, you know, tease out what could have caused this type of pain.

2d Herzog deposition at 21.

In other circumstances, an opinion based on a "gut feeling" would be excluded. This would be true, for example, in cases involving complicated and scientific causation issues where the mechanism of injury was not apparent and where an expert offered only an ipse dixit statement. *See, e.g., GE v. Joiner*, 522 U.S. 136, 146 (1997); *McGovern v. Brigham & Women's Hospital*, 584 F.Supp.2d 418, 426 (D. Mass. 2008).

However, the court will not exclude Dr. Herzog's opinion in this case because opinions as to causation of injuries from auto accidents are frequently based essentially on the injured party's complaints of symptoms commencing shortly following the accident. Those opinions are consistently found to be admissible, usually without objection. In such cases the potential mechanism of injury is apparent and there in no analytical gap between the evidence and the expert's opinion.

In this case Dr. Herzog's expert designation dated January 10, 2017 and his reference in the above answer to "the story the gentleman told me" demonstrate that Dr. Herzog is offering a similar opinion in this case.[1] Dr. Herzog's "gut feeling" answer and his statements that he cannot rule out other causes of the low back pain are fodder for cross examination but do not justify excluding his causation opinion.

At the same time the court will not permit Dr. Herzog to offer any new, undisclosed basis for his causation opinion at trial. The court understands that Dr. Herzog is primarily relying on a bulging disc as the source of Russell's symptoms and will consider at trial the admissibility of any testimony by Dr. Herzog as to sacroilitis and arthritis.

The court will also adhere to its view that Dr. Herzog's opinion that Russell may at some point need a discectomy does not allow plaintiff to seek any damages for possible future surgery.

---

[1] Although Dr. Herzog also stated at his deposition that he was not aware that Russell had reported any complaints of back pain to any medical provider until seven months after the collision, the parties agree that this is incorrect and that low back pain was mentioned by Russell to his chiropractor on the day after the collision.

On the other issues discussed at the hearing the court is reserving decision on what counsel for Adams characterizes as causation opinions in treatment records in violation of the one expert per issue rule in order to review the specific records in question[2] and is also reserving decision on any records relating from Dr. Pier or Allen Drew at this time.

The entry shall be:

Defendant's motion in limine to exclude causation opinion of Dr. Herzog relating to low back pain is denied. The clerk shall incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: May __23__, 2017

Thomas D. Warren
Justice, Superior Court

STATE OF MAINE
Cumberland, ss, Clerk's Office
SUPERIOR COURT

MAY 23 2017
9:00 AM
RECEIVED

---

[2] Adams had just filed an additional submission on that issue.

2

Plf

Edward Maccoll Esq
Thompson Bull Furey Bass & Maccoll
PO Box 447
Portland ME 04112-0447

Def

Blair Jones Esq
The Hanover Law Group
Two Monument Sq Suite 802
Portland ME 04101